UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STACEY OKEY ET AL** | **CASE NO. 2:20-CV-00119** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 27] filed by the government on the issue of third-party medical funding. Plaintiffs Stacey Okey, Lawryn Sweet, and Don Lewis oppose the motion. Doc. 33.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on December 15, 2017, between a truck driven by Roy Blanchette in the course and scope of his duties as a United States Postal Service employee and a car driven by Stacey O'Key, with Lawryn Sweet and Don Lewis as guest passengers. Doc. 1. The accident occurred in Lake Charles, Louisiana, and allegedly resulted in bodily injury to O'Key, Sweet, and Lewis, who filed suit in this court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq. Id.*

The matter is currently set for a bench trial before the undersigned on February 22, 2022. The government brings this Motion in Limine [doc. 27] seeking an order "excluding evidence regarding amounts billed by medical providers over and above amounts the medical providers accepted as payment in full from third party medical funding

companies." Doc. 27, p. 1. Plaintiffs oppose the motion, acknowledging that a third party has purchased the accounts receivable from various providers in this matter but attesting that they still owe the bill at the providers' regular rates. Doc. 33; *see* Doc. 33, atts. 1–3 (plaintiff affidavits). Accordingly, they maintain, the collateral source rule applies and they are entitled to recover the full amount billed from the defendant.

## II.
## LAW & APPLICATION

### A. Governing Law

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863

(M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge . . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

As the Fifth Circuit recently summarized:

> The collateral-source rule bars a tortfeasor from reducing his liability by the amount plaintiff recovers from independent sources. It is a substantive rule of law, as well as an evidentiary rule (disallowing evidence of insurance or other collateral payments that may influence a fact finder). [] In its simplest form, the rule asks whether the tortfeasor contributed to, or was otherwise responsible for, a particular income source. If not, the income is considered "independent of (or collateral to) the tortfeasor," and the tortfeasor may not reduce its damages by that amount. In practice, the rule allows plaintiffs to recover expenses they did not personally have to pay.

*Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358–59 (5th Cir. 2016) (internal citations omitted); *see also Bozeman v. State*, 879 So.2d 692 (La. 2004). Under Louisiana jurisprudence, however, the rule does not apply to attorney-negotiated writeoffs or discounts for medical bills obtained as a result of the litigation process. *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So.3d 702, 706–07 (La. 2015).

Here the record establishes that the medical bills have not been discounted for plaintiffs. When the plaintiff still bears the risk for the full amount of the bill, this court has found, any third-party funder functions more as an insurer and there is no justification for allowing the defendant to benefit from the arrangement. *Gordon v. Great West Cas. Co.*, 2020 WL 4561223, at *3 (W.D. La. July 8, 2020). Accordingly, the collateral source rule applies in this matter and the government is not entitled to the relief it seeks.

## III.
### CONCLUSION

The Motion in Limine [doc. 27] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 20th day of January, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

4