UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STACEY OKEY ET AL** | **CASE NO. 2:20-CV-00119** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 28] filed by plaintiffs, who seek to limit the opinion testimony and strike the report of Dr. Amy Courtney under the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The government opposes the motion. Doc. 34.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on December 15, 2017, between a truck driven by Roy Blanchette in the course and scope of his duties as a United States Postal Service employee and a car driven by Stacey O'Key, with Lawryn Sweet and Don Lewis as guest passengers. Doc. 1. The accident occurred in Lake Charles, Louisiana, and allegedly resulted in bodily injury to O'Key, Sweet, and Lewis, who filed suit in this court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq. Id.*

The matter is currently set for a bench trial before the undersigned on February 22, 2022. Plaintiffs bring this motion seeking to prevent biomechanical engineer Dr. Amy Courtney, who has provided an expert report for the government, from testifying on

medical causation. Doc. 28. The government opposes the motion, arguing that Dr. Courtney's testimony does not stray into impermissible areas such as medical causation and is relevant and reliable under the standards set forth in *Daubert* and Federal Rule of Evidence 702. Doc. 34.

## II.
## LAW & APPLICATION

### A. Governing Law

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596). Additionally, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).

### B. Application

Plaintiffs do not challenge Dr. Courtney's qualifications or methodology as to her identified field of expertise, and the court is satisfied that her proposed testimony in this field meets *Daubert*'s standards. Instead, plaintiffs argue that she must be prohibited from offering opinions on medical causation of their injuries (which she has already testified she will not attempt to do) because she is not a medical doctor or otherwise qualified in that field. As other courts have recognized, the fields of biomechanics and medicine are closely related and sometimes overlap. However, the boundaries are clear as to the biomechanical engineer's ability to testify about injuries and causation:

> [B]iomechanical engineers are qualified to determine what injury causation forces are in general and can tell how a hypothetical person's body will respond to those forces, but are not qualified to render medical opinions regarding the precise cause of a specific injury because each individual person has his own tolerance level, and therefore, biomechanical engineers

3

> could testify only in general terms, *i.e.*, that "X" forces would generally lead to "Y" injuries and "Y" injuries are consistent with those the plaintiff claims to have suffered. Accordingly, biome[chan]ical engineers are qualified to render opinions as to the forces generated in a particular event and the general types of injuries those forces may generate. However, biomechanical engineers are not ordinarily permitted to offer opinions about the precise cause of a specific injury.

*Roth v. Sentry Ins. Co.*, 2021 WL 3809090, at *3 (E.D. La. Aug. 26, 2021) (quoting *Ramirez v. Escajeda*, 2021 WL 1131721, at *10 (W.D. Tex. Mar. 24, 2021)).

The court finds that Dr. Courtney's proposed testimony is reliable and relevant, and that she is qualified to render an opinion about the forces involved in this accident and their correlation with the injuries alleged by the plaintiffs. These are proper areas of testimony for a biomechanical engineer. *E.g.*, *Collins v. Benton*, 2020 WL 3605942, at *7 (E.D. La. July 2, 2020); *Thomas v. Chambers*, 2019 WL 1670745, at *4 (E.D. La. Apr. 17, 2019). Because Dr. Courtney is not a medical doctor, however, she may not offer opinions about the cause of a specific injury—such as whether the injury was caused by degenerative changes or a traumatic event. *Roth*, 2021 WL 3809090 at *3. Accordingly, any opinions on medical causation are hereby excluded. To the extent they are contained within her report [doc. 34, att. 7], the court is capable of receiving only her acceptable areas of testimony in this bench trial and disregarding any statements that exceed her expertise. She remains free to testify within the permissible areas of her biomechanics expertise as to the general kinds of injuries alleged and the forces involved in this accident.

## III.
### CONCLUSION

For the foregoing reasons, the Motion in Limine [doc. 28] is **GRANTED** and Dr. Courtney is prohibited from offering medical causation testimony as described above. She remains free to testify within her expertise as a biomechanical engineer.

**THUS DONE AND SIGNED** in Chambers on this 27th day of January, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

5